[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13384

Non-Argument Calendar

————————————————

U.S. BANK, NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST,

Plaintiff-Appellee,

*versus*

VALERIA TAVERAS,
a.k.a. Valeria Rosa Taveras,
ELIEZER TAVERAS,
a.k.a. Eliezer Taveras, Sr.,

Defendants-Appellants,

2                    Opinion of the Court                    23-13384

REUNION RESORT & CLUB OF
ORLANDO MASTER ASSOCIATION, INC. et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01493-WWB-EJK

_____

Before BRANCH, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

In 2006, defendants Valeria Taveras and her husband Eliezer Taveras took out a mortgage to purchase a home in Florida. By 2008, they had failed to make payments and defaulted on their mortgage. In the intervening years, they have fought the foreclosure actions brought against them in state court, including by attempting and failing to remove the case to federal district court. *See U.S. Bank, Nat'l Ass'n v. Taveras*, No. 6:19-cv-1307-Orl, 2019 WL 11505056, at *3 (M.D. Fla. Sept. 11, 2019).

On the eve of a dispositive motion hearing in 2023 in state court, the Taverases attempted to remove their case to federal district court for the second time. The district court rejected the attempted removal and remanded the case back to Florida state

court.  The district court also sanctioned the Taverases for what it held to be an objectively unreasonable removal attempt and awarded costs and fees to U.S. Bank.  The Taverases appealed both holdings of the district court.  After careful review, however, we affirm both the district court's remand and its order awarding costs and fees to the plaintiff.

## I.  Background

In 2006, Valeria Taveras and Eliezer Taveras borrowed money from Bank of America, N.A. to purchase a property in Kissimmee, Florida.  The Taverases defaulted on the loan in early 2008, and Bank of America, N.A. filed suit in state court for foreclosure in 2009.  Sometime in 2009, the foreclosure action was dismissed for lack of prosecution.

In 2016, the noteholder, now Christiana Trust, renewed the foreclosure action in state court.[1]  In 2019, the Taverases attempted to remove the case to federal court based on diversity jurisdiction.  *See Taveras*, 2019 WL 11505056, at *3.  The district court remanded the case because it determined that it did not have diversity jurisdiction and the Taverases' notice of removal was untimely.

On July 13, 2023, U.S. Bank moved for summary judgment in state court.  This motion was scheduled to be heard on August 23, 2023.  Two days before the hearing, the Taverases again attempted to remove the underlying action to the federal district

---

[1] Bank of America, N.A. assigned the note to Christiana Trust in 2014.  The current plaintiff, U.S. Bank, appears to have become the noteholder in 2018.

4                     Opinion of the Court                    23-13384

court.  The initial notice of removal asserted two grounds for subject matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331[2] and civil rights jurisdiction pursuant to 28 U.S.C. § 1443.[3]

U.S. Bank moved to remand the case to state court and for costs and fees pursuant to 28 U.S.C. § 1447(c).[4]  U.S. Bank argued

---

[2] The Taverases referred to this statute in their notice of removal as 42 U.S.C. § 1331, but their amended notice corrected the error and referred to 28 U.S.C. § 1331 and federal question jurisdiction.

28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] The Taverases alleged that the district court had original jurisdiction under § 1443 because Florida law concerning foreclosure actions established a "policy" that denied them their rights under the Civil Rights Act of 1866 by nullifying terms of their 2006 mortgage.  They also alleged that a pervasive "policy of racial discrimination" privileged foreclosure plaintiffs by depriving defendants of rights under the Equal Protection Clause, the Civil Rights Acts of 1866 and 1964, and the Fair Housing Act.  They stated that this "Policy" grants foreclosure plaintiffs, who are usually the noteholders, a "litigation privilege" to commit fraud and "an absolute defense" against the pleadings and motions of defendants, who are usually the homeowners.  They alleged that Florida policy accordingly guaranteed "racial disparities that are substantial and consistent."

Under § 1443, a defendant who "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens" in state court may remove the case.  28 U.S.C. § 1443(1).

[4] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

that the pleadings raised no federal question, there is no diversity of citizenship and, in the alternative, the notice of removal was untimely to remove on the basis of diversity. Further, U.S. Bank contended Eleventh Circuit precedent foreclosed federal question jurisdiction because the defendants cannot create such jurisdiction by raising a federal defense.[5] With respect to its request for costs and fees, U.S. Bank asserted that the Taverases had raised the same removal arguments in their failed 2019 removal, and no facts had changed since to warrant a different result. U.S. Bank did not address the Taverases' argument for civil rights removal under § 1443(1).

After U.S. Bank filed its motion to remand, the Taverases filed an amended notice of removal again asserting diversity jurisdiction under 28 U.S.C. § 1332, that the request was timely, and that the "Revival Doctrine Exception" excused their late removal.[6] They also alleged that U.S. Bank had acted in bad faith to prevent a timely removal. Finally, the Taverases responded to the motion to remand and argued that § 1443 removals are not subject to timeliness restrictions.

[5] In their amended notice of removal, discussed below, the Taverases clarify that they asserted federal question jurisdiction under § 1331 because they believe that U.S. Bank's claims are preempted by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

[6] The "revival doctrine" allows an otherwise-late removal when new claims in an amended pleading reveal a new and different ground for removal than the one previously waived by the defendant. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 n.2 (11th Cir. 2014).

Rejecting the Taverases' arguments for jurisdiction, the district court granted the motion to remand.  The district court concluded that it did not have diversity jurisdiction because, as U.S. citizens domiciled in Spain, the Taverases did not satisfy any of the statutory grounds to qualify for diversity jurisdiction.[7]  Further, the district court agreed with U.S. Bank that the notice of removal was untimely, and that the Taverases had failed to prove that U.S. Bank had acted in bad faith to justify the untimely removal.  Indeed, the district court specifically found that the Taverases waived their bad faith argument by failing to explain or support it with legal citations and that, regardless of waiver, § 1332(a) does not support removals in diversity over a year after the case has been filed.  Finally, the district court rejected the argument that their preemption defense raised a federal question because the Taverases only address the argument in "one conclusory sentence."  The district court did not address the Taverases' argument for civil rights removal under § 1443(1).[8]  Regardless, the district court ultimately awarded costs and fees to U.S. Bank pursuant to 28 U.S.C. § 1447(c) because it found that, when considered "in context of [the Taverases'] earlier attempted removal," the Taverases had "no objectively reasonable basis for removal."

_____

[7] In their amended notice of removal, the Taverases stated that they had moved from Florida to Madrid, Spain in November 2018.

[8] We construe failure to address a ground for removal as an implicit denial. *Schleider v. GVDB Ops., L.L.C.*, 121 F.4th 149, 156 (11th Cir. 2024) ("[A] district court's failure to address a ground for removal constitutes an implicit denial of that ground.").

The Taverases timely appealed. In a prior order, we determined that we had jurisdiction to review this appeal. We determined that we may review the entire order because one of the grounds listed for removal was § 1443, and 28 U.S.C. § 1447(d) expressly allows for appellate review of remand of a removal based on § 1443. *See also BP P.L.C. v. Mayor of Balt.*, 593 U.S. 230, 238 (2021) (holding that if a removal notice cites § 1443 then an appellate court may review the entirety of a remand order on appeal). We found that we had jurisdiction because, even though the district court did not expressly address § 1443, the remand order included an "implicit determination that removal was not warranted under § 1443."

## II.    Standard of Review

We review issues of removal jurisdiction *de novo*. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001). We may affirm the district court's decision for reasons different than those stated by the district court. *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001) (upholding a remand order, even though it failed to address the defendant's § 1443 arguments for removal).

We review awards of attorney's fees and costs for abuse of discretion. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). "An error of law is an abuse of discretion." *Id.* "Therefore, an award of attorneys' fees based on a legally erroneous remand order constitutes an abuse of discretion." *Id.* We consider the objective reasonableness of the removing party's efforts, based on the

pleadings and any affidavits submitted by the parties. *Id.* at 1320, 1322.

## III.    Discussion

The Taverases raise two issues on appeal. First, they argue that the district court improperly remanded this case to Florida state court because it did not properly consider their argument that the court had jurisdiction pursuant to § 1443. Second, they argue that the district court abused its discretion in awarding costs and fees to U.S. Bank under 28 U.S.C. § 1447(c) because their attempted removal was not objectively unreasonable when it was made. Both arguments fail. Accordingly, we affirm the district court's remand order and order awarding costs and fees to U.S. Bank.

### A.  *The district court properly remanded the case to state court*

The Taverases argue that the district court improperly remanded this case to Florida state court because it overlooked their arguments for § 1443 removal.[9] U.S. Bank responds that the Taverases fail to satisfy the test for § 1443 removal.

Federal district courts are courts of limited jurisdiction, and only civil actions over which the district courts "have original jurisdiction" may be removed from state to federal court. 28 U.S.C.

---

[9] By failing to brief their arguments that the court had jurisdiction in diversity under § 1332 or federal question under § 1331, we need not address those arguments on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("Issues not clearly raised in the briefs are considered abandoned.").

§ 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Therefore, a case removed from state to federal district court "shall be remanded" if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). We may affirm a remand order that fails to address a defendant's § 1443 removal if we find that "removal jurisdiction under § 1443 d[oes] not exist." *Conley*, 245 F.3d at 1293 n.1. Indeed, we construe a failure to address a ground for removal as an implicit denial of that ground. *Id.* (noting that we "allowed [the plaintiff's] appeal to proceed to the extent he is challenging the district court's implicit determination that removal based on § 1443 was improper"); *Schleider*, 121 F.4th at 156 ("[W]e have previously determined that a district court's failure to address a ground for removal constitutes an implicit denial of that ground.").

In *Georgia v. Rachel*, 384 U.S. 780, 788 (1966), the Supreme Court established a two-prong test for § 1443 removal. First, the defendant must show that the right he relies upon arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792. Second, he must show that he has been denied or cannot enforce that right in state court. *Id.* at 794.

The Supreme Court has previously held that prong one is satisfied by asserting a violation of the Civil Rights Acts of 1866 and 1964, *id.* at 786–93, 789 n.12, and we have held that the Fair Housing Act also satisfies this prong. *Sofarelli v. Pinellas County*, 931 F.2d 718, 724–25 (11th Cir. 1991). Generally applicable rights do not qualify. *See Rachel*, 384 U.S. at 792 (no jurisdiction under § 1443 for due process and the First Amendment); *Conley*, 245 F.3d at

1295–96 (no jurisdiction under § 1443 for equal protection and 42 U.S.C. § 1983); *Sunflower Cty. Colored Baptist Ass'n v. Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966) (no jurisdiction under § 1443 for fair trial right).[10]  Claims based on national origin also do not qualify for § 1443 removal.  *See Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 623 n.41 (1979) (§ 1443 enacted under Congress's powers under the Thirteenth Amendment, limiting removal to "racially based claims of inequality").

Prong two requires that the defendant provide a "firm prediction" that his federal civil rights will be denied or unenforceable in state court.  *Rachel*, 384 U.S. at 800, 804 (holding that § 1443 applies "only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce" those rights).  The adverse action that the plaintiff cites can be a facially neutral exercise of state power employed for a discriminatory purpose that implicates federal civil rights law.  *Sofarelli*, 931 F.2d at 720–22, 724–25 (sheriff's refusal to allow the plaintiff to use a public roadway, while facially neutral, ultimately violated federal civil rights law because the defendants sought to prevent the sale and delivery of a mobile home to a minority owner).  But we require that the denial be "manifest in a formal expression of state law."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotation marks omitted).  Accordingly, only rarely will a

---

[10] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued before September 30, 1981, are binding precedent in the Eleventh Circuit).

plaintiff's complaint qualify for § 1443 removal. *See Greenwood v. Peacock*, 384 U.S. 808, 828–29 (1966) (denying removal even for several judicially recognized federal civil rights absent "the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court") In *Rachel*, removal under § 1443 was warranted because the plaintiff's federal civil right to full and equal enjoyment of a place of public accommodation under the Civil Rights Act of 1964 was likely to be denied because she was being prosecuted in state court under a state law that conflicted with that Act. 384 U.S. at 804. In contrast, *Johnson* held removal was not warranted because the defendants had been arrested and charged with violating state laws against boycotting, and they could not point to a specific provision of federal civil rights law violated by the state's prosecution. 421 U.S. at 221–22.

Here, the Taverases satisfy the first prong because they have invoked 42 U.S.C. § 1981, § 1982; the Fair Housing Act; and the Civil Rights Act of 1964; all of which qualify under the first prong. *Rachel*, 384 U.S. at 786–93, 789 n.12; *Sofarelli*, 931 F.2d at 724–25.

Their contentions, however, cannot satisfy the second prong because they have failed to demonstrate that their federal civil rights will be predictably denied by the Florida courts. First, no cited federal civil rights law grants mortgagors a right to default on a loan, nor does any immunize them from foreclosure actions for doing so. *Greenwood*, 384 U.S. at 828–29; *Rachel*, 384 U.S. at 782–83, 804–05. Thus, like *Johnson*, the Taverases have not credibly

12                    Opinion of the Court                    23-13384

argued that any federal law is being violated by the state action. 421 U.S. at 221–22.  Instead, the Taverases cite to general federal civil rights laws and argue that they are the victims of discrimination because the state courts have repeatedly ruled against them.  But the Taverases alleged no facts to suggest that the otherwise facially neutral foreclosure action was filed for a prohibited discriminatory purpose. *See Sofarelli*, 931 F.2d at 720–22, 724–25.  Indeed, the Taverases have conceded that they stopped paying the mortgage according to its terms and agree that the mortgage allows for foreclosure in such a situation.

Thus, the Taverases fail the *Rachel* test on the second prong and do not qualify for removal under § 1443.  Accordingly, we affirm the district court's remand of the case to state court.

### B.   *The district court did not abuse its discretion in granting U.S. Bank's motion for costs and fees*

The remaining issue that we must decide is whether the district court abused its discretion in awarding U.S. Bank costs and fees pursuant to § 1447(c) for the Taverases' improper removal under § 1443.[11]  The Taverases argue that their attempted removal was not objectively unreasonable because their case is complex and "marked by a nuanced interplay of state and federal legal issues,

---

[11] Just as the Taverases do not address the propriety of their removal based on federal question jurisdiction pursuant to § 1331 or diversity jurisdiction pursuant to § 1332, they also do not contest the district court's discretion in granting costs and fees on those grounds.  Accordingly, we need not address them.  *See Sapuppo*, 739 F.3d at 680.

their ongoing rights violations, and the evolving factual backdrop," and that they followed the procedural requirements for removal. Specifically, the Taverases address the purported propriety of removal under § 1443, which they note that the district court did not address.

"[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Further, the Supreme Court specifically endorsed taxing costs and fees for "frivolous[]" additions of § 1443 to other grounds for removal, *BP P.L.C.*, 593 U.S. at 246, and we have held elsewhere that "where there is no good faith effort to determine if jurisdiction is present" then "sanctions are appropriate." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

Here, the district court did not abuse its discretion in taxing costs and fees to the Taverases. The Taverases object that the district court did not adequately analyze their arguments for § 1443 removal in the order to remand and to award costs and fees, which necessarily shows that awarding costs and fees was inappropriate. The district court's order, admittedly, did not address the Taverases' § 1443 argument in remanding the case and awarding costs and fees. Our cases have consistently held, however, that a district court's silence on a ground for removal is an implicit denial

on that ground. *Conley*, 245 F.3d at 1293 n.1; *Schleider*, 121 F.4th at 156. Accordingly, the district court denied the Tavareses' § 1443 arguments for removal as a matter of law.

The only remaining question relevant to whether the district court abused its discretion in taxing costs and fees to the Taverases is whether the Taverases had an objectively reasonable basis for believing that they could remove pursuant to § 1443. *See Martin*, 546 U.S. at 141. We explained above that they did not. Further, their decision to attempt a second removal based on § 1443 and on the eve of a dispositive motion hearing implicates the type of "gamesmanship" for which the Supreme Court explicitly endorsed awarding costs and fees pursuant to § 1447(c). *See BP P.L.C.*, 593 U.S. at 246. Accordingly, the district court did not abuse its discretion in taxing costs and fees to the Tavareses.[12]

---

[12] We also deny the Taverases' outstanding motions on our docket because they are not relevant to the issue on appeal before us.

## IV.    Conclusion

For the reasons stated above, we affirm the district court's remand and awarding of costs and fees to U.S. Bank.

**AFFIRMED.**